UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHIGAN STATE TREASURER,

        Plaintiff,                       Case No. 1:06-cv-731

v.                                                  Honorable Robert Holmes Bell

RANDALL DELLINGER et al.,

        Defendants.
_____/

**MEMORANDUM OPINION**

        This matter is before the court on defendant Randall Dellinger's objections to the report and recommendation of the magistrate judge. This action was commenced by the State Treasurer in the Kalkaska County Circuit Court to recover the cost of defendant's incarceration pursuant to the State Correctional Facility Reimbursement Act, MICH. COMP. LAWS § 800.401, *et seq*. The State Treasurer seeks to reach pension funds to defray the cost of defendant's incarceration. Defendant filed a notice of removal to this court, based on the allegation that the state statute is preempted by ERISA to the extent that it seeks to reach pension funds. Relying principally on the Supreme Court decision in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983), the magistrate judge concluded that the case was not properly removable to this court. In the course of discussing removability, the report and recommendation also cites lower court cases, such as *Michigan Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731 (E.D. Mich. 2002), which

come to the same conclusion. Defendant has filed timely objections to the report and recommendation, which the court must accord *de novo* review. FED. R. CIV. P. 72(b).

The court has reviewed the issue *de novo*, and concludes that this matter was removed improvidently and without jurisdiction. The report and recommendation correctly concludes that a federal question case is only removable if the plaintiff's claim, as set forth in the well-pleaded complaint, arises under federal law. A case may not be removed to the federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). The report and recommendation correctly identifies the Supreme Court's decision in *Franchise Tax Board* as controlling. In that case, as in the present one, the defendant argued that ERISA precluded the enforcement of a state's levy on pension funds. Nevertheless, the Court determined that the action did not arise under federal law and that the case was therefore not removable to the federal court. 463 U.S. at 25-26.

In his objections, defendant seeks to distinguish certain lower court cases (without success), but leaves unaddressed the controlling *Franchise Tax Board* case. This Supreme Court decision would require remand, even if no other lower court decision existed. Furthermore, defendant's reliance on the Sixth Circuit decision in *Daimler Chrysler v. Cox*, 447 F.3d 967 (6th Cir. 2006), is unavailing. The *Daimler Chrysler* decision addressed the substantive issue of preemption, but did not involve the removability of cases begun in the state courts. As the Supreme Court noted in the *Franchise Tax Board* decision, the existence of a meritorious federal defense to plaintiff's state-law claim does not permit removal of the case to federal court. 463 U.S. at 26. Contrary to defendant's assertion, the purpose of removal is not to give a litigant a federal forum for *all* federal

issues.  Rather, removal is allowed only if *plaintiff's claim* arises under federal law.  The existence of a federal defense, even a meritorious one, is insufficient.

For the foregoing reasons, the court concludes that this case was removed improvidently and without jurisdiction.  An order of remand will issue.


Date:   November 14, 2006             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE